UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOUGLAS A. JANESE, et al.,

                                  Plaintiffs,

           -vs-                                                  09-CV-593C

DAVID A. FAY, et al.,

                                  Defendants.

_____

This action was filed on June 26, 2009, by participants and beneficiaries of the Niagara-Genesee & Vicinity Carpenters Local 280 Pension and Welfare Funds (collectively, the "Funds") seeking declaratory, injunctive, and monetary relief against twelve former Trustees and two former Plan Managers of the Funds for breach of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  By decision and order entered on October 21, 2010, this court granted defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  *Janese v. Fay*, 751 F. Supp. 2d 469 (W.D.N.Y. 2010).  The court found that the claims alleged in Counts I through V and VII through IX of the complaint were untimely under the applicable statute of limitations, since they were based on allegations of conduct and activities which occurred as long ago as 1993, involving many of the same parties and much of the same conduct at issue in *LaScala, et al. v. Scrufari*, No. 93-CV-982,  a previous case longstanding and fully litigated before this court.  See *Janese*, 751 F. Supp. 2d at 477.  These claims were dismissed with prejudice.  The remaining claim, Count VI, while not untimely, was found to be facially

implausible, and the court dismissed this claim without prejudice to give plaintiffs the opportunity to demonstrate in writing how leave to amend would be likely to cure the pleading deficiency. *Id.* at 482-83.

Rather than take advantage of this opportunity, plaintiffs' counsel sent the court a letter advising that plaintiffs had elected to await entry of judgment and then "move to effectively reinstate the other counts dismissed for failure to commence those claims within the limitations." Item 21. Accordingly, the court directed entry of final judgment dismissing the complaint in its entirety, with prejudice. *See* Items 22, 23. Then, on May 26, 2011, plaintiffs filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), along with a request for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). Item 24.[1]

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *see also Murray v. Coleman*, 737 F. Supp. 2d 121, 127 (W.D.N.Y. 2010). The limited grounds recognized by the courts as sufficient to justify reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to

---

[1] The docket sheet reflects that the motion papers were twice rejected by the Clerk's office for failure to include a legible red-lined proposed amended complaint, as required by Rule 15(b) of the Local Rules of Civil Procedure for the Western District of New York. The motion was finally accepted for filing on June 2, 2011 (Item 26), beyond the 28-day time limit for filing a motion for reconsideration as set forth in Local Rule 7(d)(3). However, in the absence of a showing of willful failure to comply, the court will consider the motion to have been timely filed. *See* Fed. R. Civ. P. 83(a)(2) ("A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.").

correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992)*, quoted in New York v. Solvent Chem. Co.*, 235 F. Supp. 2d 238, 239-40 (W.D.N.Y. 2002). Conversely, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.  The motion must be narrowly construed, and the standards strictly applied, "to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court, to ensure finality and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters."  *Polar Intern. Brokerage Corp. v. Reeve*, 120 F. Supp. 2d 267, 268-69 (S.D.N.Y. 2000) (internal quotation marks and citations omitted).

In support of their motion for reconsideration, plaintiffs contend that the court erred in finding the claims pleaded in Counts I through V and VII through IX[2] time barred because the facts alleged in the complaint, including the activities that were the subject of the full trial, appeal, remand and judgment in *LaScala v. Scrufari*, are part of a "single scheme" engaged in by defendants "to assure their personal survival and aggrandizement" at the expense of younger Plan participants and future retirees, resulting in a continuing violation of ERISA's fiduciary obligations extending into the limitations period.  *See* Item 27-1, pp. 5, 7.  However, in its October 21, 2010 decision and order, the court fully considered and rejected this theory, finding insufficient factual allegations of a "single

---

[2] Plaintiffs motion does not seek reconsideration of the court's dismissal of Count VI.

scheme" or "continuing violation" to bring any of the claims pleaded in those Counts within the limitations period of 29 U.S.C. § 1113.  *See Janese*, 751 F. Supp. 2d at 478-82.

Plaintiffs have cited no intervening change of controlling law, new evidence, or authority to indicate that this finding constitutes clear error warranting reconsideration, perhaps because "[t]here are no cases that conglomerate breaches of different character to form one continuing violation for statute of limitations purposes." *L.I. Head Start Child Development Services, Inc. v. Economic Opportunity Com'n of Nassau County, Inc.*, 558 F. Supp. 2d 378, 402 (E.D.N.Y. 2008).  As applied in the ERISA context, the continuing violation doctrine allows a plaintiff to bring a claim for breach of fiduciary duty based upon a course of conduct dating back beyond the statutory period only where "the fiduciaries engaged in some sort of repeated and ongoing conduct that stretched into the six-year period.  By contrast, the continuing claims doctrine does not apply to a claim based on a single distinct event which has ill effects that continue to accumulate over time." *Leber v. Citigroup, Inc.*, 2010 WL 935442, at *7  (S.D.N.Y. Mar. 16, 2010) (internal quotation marks and citations omitted).  Indeed, "[t]he case law is devoid of any cases applying the continuing claims doctrine to fiduciary breaches arising from different activities." *L.I. Head Start*, 558 F. Supp. 2d at 400.

To reiterate, plaintiffs contend that all of the fiduciary breaches alleged in the complaint in this case should be considered as a single scheme to enhance Plan benefits paid out to older participants to the detriment of younger participants, commencing with the Trustees' adoption of successive retroactive monthly benefit rate increases between 1994 and 1998, and continuing into the six-year imitations period prior to the filing of the

complaint in June 2009. However, several of the allegations complain of conduct on the part of Trustees distinct from this so-called "scheme," such as restoration of service credits and approval of unauthorized pension and welfare benefits on behalf of certain individual participants (Counts IV-VI), as well as conduct on the part of Plan Managers Santo and Russell Scrufari involving fraudulent "weighting" of individual pension benefit accruals and withdrawal of unauthorized scholarship and health care benefits (Counts VII-IX). In this court's view, these allegations seek to embrace conduct of a different character than the activities giving rise to the alleged overall benefits enhancement scheme, dating back many years beyond the limitations periods set forth in 29 U.S.C. § 1113 for commencement of an ERISA breach of fiduciary duty action.

Plaintiffs also contend that the court erred in dismissing as untimely the claim set forth in Count I, based on the 2006-2008 Trustees' reduction of future benefit accruals to $50.00 per month per year of service, which took effect on July 1, 2006–a date within the three-year statute of limitations set forth in 29 U.S.C. § 1113(2). In reaching this determination, the court noted the absence of sufficient information in the pleadings or submissions on file to indicate the date on which the alleged conduct constituting the breach occurred–as opposed to when it took effect–for the purpose of applying the appropriate limitations period, finding no allegations "consistent with a claim that would not be time-barred." *Janese*, 751 F. Supp. 2d at 480 (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 251 (2d Cir.1999)). The court also found no allegations of conduct or events giving rise to a strong inference of fraud, as required under the Second Circuit's holding in *Caputo v. Pfizer, Inc.*, 267 F.3d 181 (2d Cir. 2001), to allow plaintiffs to take advantage of the six-year "fraud or concealment" limitations period. 751 F. Supp. 2d at 480-81.

According to plaintiffs, until they obtained the actuarial valuations from Russell Scrufari in September 2007, produced in response to a subpoena issued by plaintiffs' counsel in the *LaScala* case, they had insufficient knowledge of the extent of unfunded liability attributable to the 1994-1998 retroactive benefit increases to formulate a claim for breach of fiduciary duty regarding the reduction of future benefit accruals which took effect on July 1, 2006. This contention was previously considered by the court in reaching its conclusion regarding application of the three-year limitations period, and was rejected. In the absence of any citation to controlling decisions or reference to data that the court might have overlooked which could reasonably be expected to alter this conclusion, the court finds no basis for reconsideration.

Finally, plaintiffs contend that the court erred in dismissing the complaint with prejudice without providing the opportunity to amend, and seek to do so now by way of a motion pursuant to Fed. R. Civ. P. 15(a). However, in determining whether leave to amend should be granted, the district court has discretion to consider the "apparent 'futility of amendment' " where, as here, "the claims the plaintiff sought to add would be barred by the applicable statute of limitations." *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)), *cert. denied*, 532 U.S. 923 (2001); *see also McGill v. Goff*, 17 F.3d 729, 734 (5th Cir. 1994) (granting leave to amend would be futile in light of the relevant limitation periods), *overruled on other grounds*, *Kansas Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1373-74 (5th Cir. 1994). In the absence of any showing sufficient to justify setting aside the court's entry of final judgment dismissing the original complaint, leave to amend to allow plaintiffs

to reassert untimely claims would be futile.  *See National Petrochemical Company of Iran v. The M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) (once judgment is entered, filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Rule 59(e) or 60(b)); *Crowley ex rel. Corning, Inc. Investment Plan v. Corning, Inc.*, 2004 WL 763873 (W.D.N.Y. Jan. 14, 2004) ("Faced with both a Rule 59(e) motion … and a concomitant Rule 15(a) motion to amend, the Court may reject both if the amendment of the complaint would be futile.").

For these reasons, plaintiffs' motion for reconsideration and for leave to amend (Items 26 & 27) is denied, and the judgment entered on May 2, 2011 in favor of defendants dismissing the complaint in its entirety, with prejudice, remains final.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:    11/28/2011
p:\pending\09-593.nov9.2011