UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

DOUGLAS A. JANESE, CHRISTOPHER V. SHAKARJIAN,
and LOUIS D'AURIZIO,
as representatives of the participants and beneficiaries of the
former Niagara-Genesee & Vicinity Carpenters Local 280
Pension and Welfare Funds,

                        Plaintiffs,

         -vs-                                                                                                        09-CV-593-JTC

SANTO S. SCRUFARI and RUSSELL P. SCRUFARI,
Plan Managers of the Niagara-Genesee & Vicinity Carpenters
Local 280 Pension and Welfare Funds,
and

GORDON J. KNAPP,
General Agent of Niagara-Genesee & Vicinity Carpenters
Local 280 and Trustee of the Niagara-Genesee & Vicinity
Carpenters Local 280 Pension and Welfare Funds,
and

DAVID A. FAY, ANGELO MASSARO, DOMINIC P.
MASSARO, GEORGE R. WEIDERT, CHRISTOPHER M.
SCRUFARI, DAVID J. KNAPP, THOMAS P. HARTZ,
JOHN J. FUCHS, PATRICK MORIN, and JOHN J.
SIMMONS,
Trustees of the Niagara-Genesee & Vicinity Carpenters
Local 280 Pension and Welfare Funds from 2000 through 2008,
and

GORDON J. KNAPP, DAVID A. FAY, ANGELO MASSARO,
DOMINIC P. MASSARO, GEORGE R. WEIDERT,
ROBERT P. WILLIAMS, CHRISTOPHER M. SCRUFARI,
DAVID J. KNAPP, and THOMAS P. HARTZ,
Trustees of the Niagara-Genesee & Vicinity Carpenters
Local 280 Pension and Welfare Funds in 1999,
and

GORDON J. KNAPP, DAVID A. FAY, ANGELO MASSARO,
DOMINIC P. MASSARO, GEORGE R. WEIDERT,
ROBERT P. WILLIAMS, CHRISTOPHER M. SCRUFARI,
and DAVID J. KNAPP,

Trustees of the Niagara-Genesee & Vicinity Carpenters
Local 280 Pension and Welfare Funds from 1994 through 1998,
and

GORDON J. KNAPP, DAVID A. FAY, ANGELO MASSARO,
DOMINIC P. MASSARO, GEORGE R. WEIDERT, and
THOMAS P. HARTZ,
Trustees of the Niagara-Genesee & Vicinity Carpenters
Local 280 Pension and Welfare Funds in December, 1993,

                                                Defendants.

      In this derivative action, brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, on behalf of the participants and beneficiaries of the Niagara-Genesee & Vicinity Carpenters Local 280 Pension Fund and the Niagara-Genesee & Vicinity Carpenters Local 280 Welfare Fund (collectively, the "Funds" or the "Plans"), plaintiffs seek to recover assets alleged to have been wrongfully depleted as the result of fiduciary breaches on the part of Plan Managers and various Trustees of the Funds which occurred between November 1993 and December 2007. The "Trustee Defendants"—identified individually as David Fay, David Knapp, Angelo Massaro, Dominic Massaro, George Weidert, Christopher Scrufari, Thomas Hartz, John Fuchs, Patrick Morin, and John Simmons—have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims against them as time-barred under ERISA's statute of limitations, and for failure to state plausible claims upon which relief can be granted. Item 74.

      For the reasons that follow, the Trustee Defendants' motion is granted.

**BACKGROUND**

The original complaint in this action was filed on June 26, 2009, by three present and/or former participants and beneficiaries of the Funds pleading fourteen causes of action in nine counts (numbered I through IX) against four separate groups of Trustees identified according to the time periods during which they served, and two former Plan Managers identified as Santo S. Scrufari, who served from 1985 through July 14, 1996, and his son Russell P. Scrufari, who served from July 15, 1996 through December 31, 2007. *See* Item 1. In lieu of an answer, defendants moved to dismiss the complaint on the grounds that the claims were time-barred under ERISA's statute of limitations, and that several of the breach of fiduciary duty claims were improperly pleaded because the conduct giving rise to the claims—adopting amendments to the Plan at Trustee meetings—is not considered to be a fiduciary function.. *See* Item 10-1.

By decision and order entered on October 22, 2010, this court granted defendants' motion to dismiss the complaint as untimely. *Janese v. Fay*, 751 F. Supp. 2d 469 (W.D.N.Y. 2010). Specifically, the court found that the claims in Counts I through V, alleging fiduciary breaches resulting from the Trustees' amendments to the pension plan at various times between November 1993 and December 2000, had not been commenced within any of the limitations periods applicable to actions seeking relief for breach of fiduciary duty under ERISA. *Id.* at 478-81. The court considered, but did not adopt, defendants' argument that amendment of a pension plan is not an exercise of fiduciary duty actionable under ERISA, relying instead on the "controlling rationale" of the Second Circuit's decisions in *Siskind v. Sperry Retirement Program*, 47 F.3d 498, 506 (2d Cir.

1995), and *Chambless v. Masters, Mates & Pilots Pension Plan*, 772 F.2d 1032, 1040 (2d Cir. 1985), *cert. denied*, 475 U.S. 1012 (1986)—*i.e.*, that "amendments to multi-employer plans which affect the allocation of a finite asset pool to which each participating employer has contributed could properly be treated as fiduciary functions." 751 F. Supp. 2d at 476 (quotation marks omitted). The court also dismissed as untimely the claims in Counts VII, VIII and IX, alleging that the Scrufaris (in collusion with defendant Gordon Knapp, and enabled by the "1994-1998 Trustees") breached their fiduciary duties by, among other things, fraudulently concealing unauthorized "weighted" pension benefit accruals and fraudulently reporting withdrawals of unauthorized amounts from the Welfare Fund as "Scholarship" or "Health Care" benefits. The court concluded that plaintiffs could not avail themselves of the "fraudulent concealment" exception to the six-year statute of limitations set forth in the final sentence of ERISA § 413 (29 U.S.C. § 1113) because the level of scrutiny devoted to the Scrufaris' conduct and compensation during the long course of litigation before this court in the prior related case of *LaScala, et al. v. Scrufari, et al.*, No. 93–CV–982 (JTC) ("*Scrufari I*"), "should have revealed, in the exercise of due diligence, facts sufficient for plaintiffs and their counsel to have discovered the breaches of duty alleged" in Counts VII, VIII and IX well before the accrual date of June 26, 2003 (*i.e.*, six years prior to the commencement of this action). 751 F. Supp. 2d at 482.

Plaintiffs appealed, and on August 22, 2012, the Second Circuit issued an opinion affirming the dismissal of the claims in Counts I through V (albeit on different grounds),[1]

---

[1] The circuit court found that dismissal of Counts I through V was proper not because the claims alleged were untimely, but because the Trustees were not acting as fiduciaries in amending the Plan, acknowledging that its prior rulings in *Chambless* and *Siskind* (relied upon by this court as controlling contrary precedent) have been abrogated by a series of subsequent Supreme Court decisions. *Id.* at 225-27.

but vacating the dismissal of the claims in Counts VII, VIII and IX and remanding the case for further proceedings. *Janese v. Fay*, 692 F.3d 221 (2d Cir. 2012). In doing so, the circuit court determined that this court's conclusion regarding the unavailability of the "fraud or concealment" exception to toll the running of the statue, due to plaintiffs' involvement in the *LaScala* case, "could not properly be reached at the pleading stage." *Id.* at 228.

> It is true that the *LaScala* case concerned misconduct similar to what Scrufari is alleged to have done in this case. However, the prior litigation concerned misconduct occurring no later than October 1992, a period prior to the time during which the misconduct at issue in this case is alleged to have occurred. At most, *LaScala* creates an issue of fact as to whether the Plaintiffs knew or should have known of Scrufari's activities between 1993 and 1996 based on his activities prior to that time. The resolution of that issue was not proper at the pleading stage. Whether the issue might be resolved on motion for summary judgment after discovery remains to be determined on remand.

*Id.* at 228-29.

On remand, plaintiffs were granted leave to replead Counts VII, VIII and IX in order to address the pleading deficiencies identified by the court in its October 22, 2010 decision and order. In Count I of the amended complaint (Item 57), plaintiffs have recast Count VIII of the original complaint as a "First Cause of Action" against Santo and Russell Scrufari and two separate Trustee groups: the "December 1993 Trustees" (Gordon J. Knapp, David A. Fay, Angelo Massaro, Dominic P. Massaro, George R. Weidert, and Thomas P. Hartz), and the "1994-1998 Trustees" (Knapp, Fay, Angelo and Dominic Massaro, Weidert, Robert P. Williams, Christopher M. Scrufari, and David J. Knapp). Plaintiffs allege in Count I that, beginning in May 1984 and continuing through December 1997, Santo and Russell Scrufari withdrew unauthorized amounts of cash from the Welfare Fund, and fraudulently concealed these withdrawals by crediting them to their individual Welfare Fund accounts as tax-exempt "Scholarship" or "Health Care" benefits (for which they were not eligible),

resulting in substantial losses to the Welfare Fund (including the principal amount of the cash withdrawals, lost investment earnings, and interest and penalties on delinquent income taxes) of approximately $1,100,000.[2]  *See id.* at ¶¶ 20-38.  With respect to the Trustee Defendants, plaintiffs allege that the 1993 and 1994-98 Trustee groups breached their fiduciary duties, and enabled the Scrufaris' breaches, by failing to monitor or supervise the Scrufaris "with the skill, prudence and diligence required by ERISA …," rendering each of those Trustee Defendants "personally liable, jointly and severally, for the entire $1,100,000 loss."  *Id.* at ¶ 39.

In Count II of the amended complaint, plaintiffs have recast Count VII of the original complaint as a "First Cause of Action" against Gordon J. Knapp (who served as General Agent of Local 280 and Trustee of the Funds from July 1993 through December 31, 2004), the 1999 Trustees (Knapp, Fay, the Massaros, Weidert, Hartz, Robert P. Williams, Christopher M. Scrufari, and David J. Knapp), and the 2000-2008 Trustees (Gordon and David Knapp, Fay, the Massaros, Weidert, Hartz, Christopher Scrufari, John J. Fuchs, Patrick Morin, and John J. Simmons); and a "Second Cause of Action" against Santo Scrufari and the 1994-1998 Trustees.  Plaintiffs allege in Count II that defendants Santo Scrufari and Gordon Knapp colluded to improperly enhance (or "weight") their pension accruals, and fraudulently concealed this scheme by altering Plan office records and falsely reporting the accruals to the Trustees, resulting in a loss to the Pension Fund of $275,000.

---

[2]Plaintiffs allege that they only became aware of this "scheme" in September 2007, by way of disclosure of subpoenaed records following the Second Circuit's February 28, 2007 decision in *Scrufari I*. Item 57, ¶¶ 47-48.

*Id*. at ¶¶ 42–51.  As in Count I, plaintiffs allege that the Trustee Defendants are personally liable for the loss based on breach of their fiduciary duty to monitor Scrufari.  *Id*. at ¶ 52.

In Count III of the amended complaint, plaintiffs have recast Count IX of the original complaint as a "Second Cause of Action" against Gordon Knapp, Russell Scrufari, the 1999 Trustees, and the 2000-2008 Trustees,[3] and a "Third Cause of Action" against the 1994-1998 Trustees.  Plaintiffs allege in Count III that, from about July 15, 1996 through December 2007 (when his term as Plan Manager ended), Russell Scrufari processed fraudulent tax-exempt Scholarship and Health Care Benefit withdrawals from the Welfare Fund for himself, his father (Santo), Gordon Knapp, and other selected participants in the scheme, and fraudulently concealed these withdrawals by falsely recording and reporting them, resulting in a loss to the Welfare Fund in the amount of $1,220,000.  *Id.* at ¶¶ 54-67.  Plaintiffs allege that the Trustee Defendants are liable for this loss by virtue of their breach of fiduciary duty in failing to monitor Russell Scrufari.  *Id.* at ¶ 68.

The Trustee Defendants now move pursuant to Rule 12(b)(6) to dismiss the claims alleged against them in these three Counts as time-barred.  According to the Trustee Defendants, the amended complaint contains no factual allegations sufficient to bring any of those claims within the "fraud or concealment" exception of the six-year statute of limitations set forth in the final sentence of ERISA § 413.  In the alternative, the Trustee Defendants contend that even if the claims are not time-barred, the allegations as to how they were defrauded by the conduct of the Scrufaris and Knapp fail to raise a plausible,

---

[3]Count IX of the original complaint did not allege failure to monitor/supervise on the part of the 2000-2008 Trustee group.

contradictory inference that they somehow could have breached their fiduciary duties by failing to monitor that conduct.

## DISCUSSION

**I.      Rule 12(b)(6)**

As discussed by this court in its previous ruling in this case, a motion to dismiss made on the basis that a claim is barred by the applicable statute of limitations is properly brought under Rule 12(b)(6) as a motion to dismiss for failure to state a claim upon which relief can be granted. *Janese*, 751 F. Supp. 2d at 477 (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *Garner v. DII Industries, LLC*, 2010 WL 456801, at *1 (W.D.N.Y. Feb. 4, 2010)). To reiterate the standard, in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must examine the legal sufficiency of the claims alleged in the complaint by "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II.     The "Fraud or Concealment" Exception

The Trustee Defendants' essential contention on the present motion is that the amended complaint fails to allege plausible breach of fiduciary duty claims against them because there are no allegations of action on their part to bring any of the claims within the fraud or concealment exception of ERISA § 413.  That section provides in full:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part after the earlier of –
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

The Second Circuit has interpreted this limitations provision to require that a plaintiff alleging breach of the fiduciary duties imposed by ERISA must commence the lawsuit within six years after the date of the action which constituted the alleged breach, or within three years from when the plaintiff has gained " 'actual knowledge . . . of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act.' " *Janese*, 692 F.3d at 228 (quoting *Caputo v. Pfizer*, 267 F.3d 181, 193 (2d Cir. 2001)).  Of particular relevance to the three remaining claims in this action, the final sentence of section 413 provides a separate six-year limitations period, "applicable where a complaint alleges fraud or concealment with the requisite particularity.  … [T]his six year

period is tolled until the plaintiff discovers, or should with reasonable diligence have discovered, the breach." *Id.*

> To successfully plead this "fraud or concealment exception," a complaint must allege that a fiduciary either (1) breached its duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment; or (2) engaged in acts to hinder the discovery of a breach of fiduciary duty. Moreover, these allegations must be stated "with particularity," Fed. R. Civ. P. 9(b), requiring a plaintiff to specify the time, place, speaker, and content of the alleged misrepresentations, as well as how the misrepresentations were fraudulent and those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.

*Id.*

There is substantial authority to support defendants' position that the exception applies only to toll the running of the six-year period as to claims against those defendants alleged to have engaged in specific acts of fraud or concealment. *See*, *e.g.*, *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995) (holding that "fraud or concealment" exception may toll ERISA's limitations period only as to defendants alleged to have committed fraud); *Harris v. Koenig,* 722 F. Supp. 2d 44, 60–61 (D.D.C. 2010) (holding that tolling of ERISA § 413 applies only to defendants alleged to have committed fraud or concealment as a matter of law); *Griffin v. McNiff*, 744 F. Supp. 1237, 1256 n.20 (S.D.N.Y. 1990) ("[T]he doctrine of fraudulent concealment tolls statute of limitations only as to those defendants who committed the concealment, and plaintiffs may not generally use the fraudulent concealment by one defendant as a means to toll the statute of limitations against other defendants."), *aff'd*, 996 F.2d 303 (2d Cir. 1993); *O'Brien v. Nat'l Property*

*Analysts Partners*, 719 F. Supp. 222, 232 (S.D.N.Y. 1989) ("Allegations that *other* defendants acted to deceive plaintiffs from filing suit do not plead fraudulent concealment against *all* defendants.") (emphasis in original); *Moore v. Farley*, 1989 WL 90176, at *3 (W.D. Pa. Mar. 25, 1989) (same).

For example, in *Barker*, the plaintiffs were fully-vested participants in a company pension plan whose benefits claims were denied for depletion of funds. They sued three former plan trustees for breach of fiduciary duties under ERISA, based on their alleged mismanagement of plan assets. The Ninth Circuit affirmed the district court's grant of summary judgment dismissing the claims against two of the defendants on statute of limitations grounds, since they had resigned from their trustee positions more than ten years prior to the filing of the action. In doing so, the circuit court rejected the plaintiffs' argument that the fraud or concealment exception tolled the running of the statute with respect to the claims against those defendants, based on allegations that "other subsequent fiduciaries concealed the prior breaches that were allegedly committed by [those defendants] while they were Trustees …." *Barker*, 64 F.3d at 1401-02. The court found that, in the absence of any allegation or showing of specific facts to establish that those two defendants "themselves committed specific acts of fraud or concealment, the plaintiffs may not invoke the 'fraud or concealment' exception to ERISA's statute of limitations." *Id.* at 1402.

Similarly, in this case, there are no allegations of fraud or concealment on the part of any of the Trustee Defendants in Counts I, II or III of the amended complaint to toll the running of the limitations period with respect to the breach of fiduciary duty claims against them. While the amended complaint might fairly be read to plead facts with sufficient

particularity to toll the limitations period with respect to the breach of fiduciary claims against the Scrufaris and Gordon Knapp, based on their "schemes" involving improper withdrawals of cash from their individual Welfare Fund accounts and weighting of pension benefits (which plaintiffs did not discover until September 2007; see note 2, infra), the amended complaint is simply devoid of any allegations of fraud or fraudulent concealment on the part of the Trustee Defendants.  At best, taking the factual allegations to be true and drawing all reasonable inferences in the plaintiffs' favor, the amended complaint sets forth claims against the Trustee Defendants for failure to supervise or monitor the activities of the Scrufaris and Gordon Knapp with the diligence required of fiduciaries.  There are no allegations of knowing misrepresentations, omissions of material facts, or engagement in acts to hinder the discovery of a breach that can reasonably be found sufficient to satisfy the pleading requirements for application of the "fraud or concealment" exception in order to toll the running of the six-year limitations period.

In the absence of tolling, the breach of fiduciary duty claims based on actions on the part of the Trustee Defendants occurring before June 26, 2003 (six years prior to the commencement of this suit) must be dismissed from the case as untimely commenced under ERISA § 413(1).  As set forth in Count I, the conduct complained of on the part of the Trustees Defendants—failure to monitor the activities of Santo and Russell Scrufari with respect to their improper Scholarship and Health Care Benefit withdrawals—is alleged to have occurred "from 1984 through about December 1997 …." Item 57, ¶ 37.  As set forth in Count II, the conduct complained of on the part of the Trustee Defendants—failure to monitor the activities of Santo Scrufari with respect to his "weighting" of pension benefit accruals on behalf of himself and Gordon Knapp—is alleged to have occurred between

"about January 1995" (when Santo is alleged to have actually entered the accruals in his and Gordon Knapp's records) and July 1996 (when Santo's term as Plan Manager ended). *See id.* at ¶¶ 41-52. Even drawing all reasonable inferences in plaintiffs' favor, it is clear from this scrutiny of the facts alleged in Counts I and II of the amended complaint that the acts of wrongdoing giving rise to plaintiffs claims against the Trustee Defendants in those Counts occurred more than six years prior to the commencement of the action.

In Count III, the conduct complained of on the part of the Trustee Defendants—failure to monitor the activities of Russell Scrufari and Gordon Knapp with respect to the continuation of improper Scholarship and Health Care Benefit withdrawals—is alleged to have occurred "from about June 1998 through about December 2007" (*i.e.*, through the end of Russell's term as Plan Manager). Item 57, ¶ 58. To the extent Count III can be read to allege a "continuing violation" in order to bring the claims within ERISA's limitations period, courts within the Second Circuit have been reluctant to adopt such a theory in the absence of any allegations indicating "separate violations of the same type, or character, … repeated over time." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau County, Inc.*, 558 F. Supp. 2d 378, 400 (E.D.N.Y. 2008), *quoted in Novella v. Westchester County*, 661 F.3d 128, 146 (2d Cir. 2011). Drawing all reasonable inferences in plaintiffs' favor, the claims as pleaded in Count III of the amended complaint contain no specific allegations indicating separate, repeating violations of fiduciary obligations on the part of any of the Trustee Defendants to bring the claims within the limitations period. Rather, plaintiffs simply allege that three successive groups of Trustees (1994-1998; 1999; and 2000-2008) engaged in the same imprudent "failure to monitor" Russell Scrufari's and Gordon Knapp's conduct which, in the court's

view, is insufficient to withstand the statute of limitations defense. *See Novella v. Westchester County*, 661 F.3d 128, 145–46 (2d Cir. 2011) (rejecting "continuing violation" theory to accrual of ERISA claims when single act caused lasting harm).

Finally, in their reply brief (Item 80) plaintiffs suggest that in the event the court finds the claims against the Trustee Defendants to be time-barred, the court should give plaintiffs a further opportunity to amend the complaint in order to plead facts sufficient to bring those claims within the "fraud or concealment" exception. However, plaintiffs have not submitted a proposed amended pleading, as required by Rule 15(a) of the Local Rules of Civil Procedure for the Western District of New York, nor have they otherwise set forth any additional facts to indicate that further amendment of the complaint would somehow satisfy the particular pleading requirements of Fed. R. Civ. P. 9(b), as explained by the Second Circuit in *Janese* and *Caputo*. Accordingly, this request must be denied as futile. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87-88 (2d Cir. 2002) (noting amendment would be futile when "proposed claim could not withstand a motion to dismiss"); *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (amendment is futile when proposed claims barred by statute of limitations).

Based on this examination of the claims alleged in the amended complaint under the standards set forth above, the court finds no allegations of fraud or concealment on the part of the Trustee Defendants to toll the time for bringing claims for breach of fiduciary duty as against them. Accordingly, these claims must be dismissed pursuant to Rule 12(b)(6) for failure to state a timely claim for relief under ERISA "that is plausible on its face." *Twombly*, 550 U.S. at 570.

## **CONCLUSION**

For the foregoing reasons, the Trustee Defendants' motion (Item 74) is granted, and the claims alleged in the amended complaint against David Fay, David Knapp, Angelo Massaro, Dominic Massaro, George Weidert, Christopher Scrufari, Thomas Hartz, John Fuchs, Patrick Morin, and John Simmons are dismissed as time-barred under ERISA § 413.

A further telephone conference will be held on December 11, 2013 at 2 p.m. to discuss the status of the case and to set a schedule for further proceedings. The court will initiate the call.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: October 2, 2013
p:\pending\2009\09-593.Sept25.2013